PER CURIAM.
The Department of Juvenile Justice appeals the final order of the trial judge directing it to “give reasonable notice of all Transfer Hearings scheduled on any child in [the Fifteenth] Judicial Circuit to the Office of the State Attorney and Public Defender, and that attorneys from those offices shall have the right to attend and participate fully in all such matters.” The Department argues that the trial *514 judge did not have the authority to require notice to be given to interested parties and that the trial judge erred by making its order applicable to all juvenile cases within the Fifteenth Judicial Circuit.
Recently, section 985.404, Florida Statutes (Supp.1999), “Administering the Juvenile Justice Continuum,” was amended as follows:
(4) The department may transfer a child, when necessary to appropriately administer the child’s commitment, from one facility or program to another facility or program, contracted, subcontracted, or designated by the department, including a postcommitment minimum-risk nonresidential conditional release (aftercare) program. The department shall notify the court that committed the child to the department and any attorney of record, in writing, of its intent to transfer of the child from a commitment facility or program to another facility or program of a higher or lower restrictiveness level. The court that committed the child may agree to the transfer or may set a hearing to review the transfer. If the court does not respond within 10 days after receipt of the notice, the transfer of the child shall be deemed granted.
Fla. Stat. § 985.404(4)(Supp.1999), as amended by 2000 Fla. Sess. Law Serv. Ch. 00-135 (C.S.S.B.1196XWEST). We therefore hold that it was within the trial judge’s authority to require notice to interested parties on matters before him.
We agree with the Department, however, that because the order affects all proceedings in the juvenile division, it has the effect of an administrative order which is within the exclusive province of the Chief Judge. Fla. R. Jud. Admin. 2.050(b)(2). We note that we have received supplemental responses from the Department and the Public Defender, and those responses lead us to conclude that the order which is the subject of this appeal is considered beneficial to. the staffing schedule and transfer hearings process.
Accordingly, we affirm the trial judge’s order as it applies to that judge’s court. We reverse the order to the extent that it would apply to all judges within the juvenile division. Our reversal, however, is without prejudice to the adoption of an administrative order requiring notice to interested parties.
AFFIRMED IN PART, REVERSED IN PART, and REMANDED.
DELL, GUNTHER and SHAHOOD, JJ., concur.